IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NAOMI LYNN SIMON,

    **Plaintiff,**

vs.                                                                 CIVIL ACTION NO. 2:22-CV-00429

DOMESTIC VIOLENCE VICTIM
ASSISTANCE FUNDS, *ET AL.*,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 3, 2022, Plaintiff, acting *pro se*, filed a hand-written grievance that has been docketed as a "Letter-Form Complaint" along with a supplemental pleading that was submitted on October 5, 2022 (ECF Nos. 1, 1-1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the "complaint"[1] and its supplement, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

---

[1] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review, there appears no cognizable claim for relief, the undersigned has no confidence that this particular litigant will be able to comply with that directive given the scattershot of questionable, if not delusional, issues raised in the "complaint" and its attachments.

[2] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**Plaintiff's Allegations**

In her collection of grievances, Plaintiff appears to name the following as defendants: (1) the Domestic Violence Victims Assistance Funds State of Oregon; (2) State of West Virginia; (3) State of Louisiana; (4) State of the Union; (5) "All the United States Embassys" [*sic*]; and (6) "All the Global and More Venues and Countrys" [*sic*].[3]

While Plaintiff claims to have a "permanent residence" at "4527 SE Rhodisie St. Milwaukie or Portland, Oregon Since Aug 11th 2011 to current [and] 2022", she also indicates another residence at "305 3rd St. Pioneer, LA/IA" as well as a "temp out of state residence" at "605 5th Ave Tulelake, Cali", "P.O. Box 134 Tulelake, Cali" and "International Waters M.E.V.C'S" (ECF No. 1 at 1).

Plaintiff asserts she "asked for Domestic Violence/Victims Assistance [and] Relocation Funds [and] more for myself [and] my family 2 yrs ago from Marthas House in Klamath Falls, Oregon" and seems to indicate she asked for disability services and received food stamps. (Id.) Plaintiff then states:

> also now West Virginia, & The State of the Union, & The World Today - & they denied me [intelligible] for no reason at all. There all non-profit suposly?
> & These people are some of our accuser's that I testified against in 1/9/19 with broken bones [and] bruises [and] more in State of California, LAW/IA, Washington State, Washington, D.C. [and] Afg[hanistan] Supreme Court [and] The United Nations Embassys [*sic*] World-Wide!

(Id. at 1-2)

Ostensibly for relief, Plaintiff asserts the following:

---

[3] Plaintiff also seems to include potential defendants in her supplemental pleadings: "This tort/lawsuit claim against the State of West Virginia [and] every venue in West Virginia [and] now the State of the Union [and] State Farm Auto Ins and Home Owners Insurance USA wide/global is for all my [and] my familys [*sic*] accuser's [*sic*] that stalked us [and] more our whole lifes [*sic*] for no reason at all [and] still do today with tons of D.V. orders in place!" (ECF No. 1-1 at 1) Plaintiff indicates "c[y]ber bullying on my google bloggers by Kevin Lovelace" as well as "telephone harassment [and] more they do daily [and] it all goes back to the FBI, CIA, IBA offices world-wide [and] The United States Embassys [*sic*] global ASAP since all my things are inter[twined] with all the eye's in the sky [and] more for life!" (Id. at 2). The undersigned is at a loss as to how to interpret these statements.

> So now I want the sum of $ 9999/9999/9999/9999/9999
> X all the real victims
> X all our service animals
> X all our homes
> X all our vehicles
> X all our be[longings]
> X all our chronic pain meds
> X all our dr. appts
> X all our surgerys
> X 9999 fives for life![4]

(Id. at 2)

### The Standard of Review

Plaintiff's complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915A.[5] See Johnson v. Hill, 965 F.Supp. 1487 (E.D. Va. Jun. 10, 1997); see also Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed. App'x. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually

---

[4] The undersigned notes that she has "signed" as "Judge Naomi Simon." (Id.) She claims that "since I'm a Supreme Court Judge of all the military global, USA, international, Canada, Mexico, Guam, Cuba, Germany, Europe, Venezuela, Hawaii, Alaska, all Middle Eastern Countries [and] Venues for life since 1978 ½ [and] retro back to 1929 for life!" (ECF No. 1-1 at 3)

[5] The complaint is subject to pre-service screening requirements set forth in Section 1915A notwithstanding Plaintiff's failure to file an application to proceed *in forma pauperis*. In any event, the undersigned finds that Plaintiff's failure to submit the appropriate form is of no moment given the Court's lack of jurisdiction over the matters presented here.

when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District Court may not dismiss the complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

## Discussion

Plaintiff's statements or allegations are replete with "fantastic or delusional scenarios"[6] notwithstanding the fact that Plaintiff utterly fails to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief.[7] Even attempting liberal construction of Plaintiff's allegations is an exercise in futility – from the undersigned's review, Plaintiff recites statements that are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at *2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C.

---

[6] Neitzke at 327-328.

[7] A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

4

Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since Plaintiff's complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's "complaint" and its supplement (ECF Nos. 1, 1-1) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of

such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: October 12, 2022.

Omar J. Aboulhosn
United States Magistrate Judge